JUNE 2, 1803.

# Nacy Brashear *v.* Adam Shepherd.

*Upon a writ of error to reverse a judgment of the Court of Quarter Sessions of Nelson county for £300 damages and costs.*

1. When the slanderous words laid in the declaration did not certainly identify the person of whom they were spoken, it was, in ancient times, indispensable to aver that they were spoken in a conversation of and concerning the plaintiff. But it is now sufficient to aver that they were spoken of and concerning the plaintiff.

2. Want of a *similiter* is cured by a verdict.

Brashear *v.* Shepherd.

3. Although the pleadings in a cause may be informal, and such as could not have been sustained had the objection been taken at the proper time in the court below, yet, if the merits of the case have been fairly tried, this court will not reverse.

The slander charged in the declaration is, "I can prove that he stole a beef and oats." And from the bill of exceptions taken at the trial, it appears that the words spoken were, "I can prove that Shepherd stole a beef and oats." One of the errors principally relied on for the reversal of this judgment is, that the inuendo is used to render a person (the plaintiff) certain, who before was uncertain. The court finds that during the time of the ancient strictness of law proceedings in England, it was requisite, when the slanderous words laid in the declaration did not certainly identify the person of whom they were spoken, it was held indispensable to aver that they were published in a conversation of, or concerning, the plaintiff; but that in more modern times it has repeatedly been adjudged to be sufficient to aver that the slander was published of, and concerning, the plaintiff; and the most approved form books are in that style; therefore, this declaration, containing such an averment, justifies the inuendo complained of. Another of the errors stated is, "that no issue, or issues, were joined in the cause, and yet the jury were sworn to try the issues." From the record it appears that the defendant in the court, below tendered the general plea, "*not guilty ;*" and he also pleaded justification, specially, omitting, however, to set forth several essential requisites of that plea. But in this cause it is noted "that the plaintiff replied to the pleas of the defendant, and that the defendant joined in the replication." It was admitted in argument, by the plaintiff's counsel, and properly, that want of a similiter is cured by a verdict, but he contended that there should have been a replication in writing to the plea of justification, and relied on the case of *Stephens* against *Taliaferro*, 1 Wash. 155. In answer to this it was contended that the case of *Sullivan* against *Shaw*, determined in this court, was decisive on this point. Upon examining these cases, as well as the case of *Walden's Executor* against *Payne*, 2 Wash. 1, the court is of opinion that, though the proceedings are informal, yet, as the merits appear to have been fairly tried and determined by the jury, it is now too late to object in consequence of that informality. Therefore, it is considered by the court, that the judgment aforesaid be affirmed, and that the defendant recover of the plaintiff his costs in this behalf expended, which is ordered to be certified to the circuit court of Nelson county.